## ORAL ARGUMENT NOT YET SCHEDULED

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| WYNNEWOOD REFINING CO. LLC,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Respondent. | Case Nos. 22-1125, 22-1179<br><br>(consol. 22-1074) |

## PETITIONER WYNNEWOOD REFINING COMPANY LLC'S REPLY IN SUPPORT OF ITS MOTION TO SEVER AND HOLD CASES IN ABEYANCE

Petitioner Wynnewood Refining Company LLC ("Wynnewood") submits this Reply in support of its motion to sever its petitions and hold its cases in abeyance (the "Motion")[1] and in response to the opposition brief (the "Opposition")[2] filed by Respondent United States Environmental Protection Agency ("EPA").

---

[1] *Petitioner Wynnewood Refining Company LLC's Motion to Sever and Hold Cases in Abeyance*, *Sinclair Wyoming Refining Company LLC v. EPA*, Docket No. 22-1074 (consol.) (D.C. Cir. Oct. 17, 2022), Doc. 1969350 (D.E. 44).

[2] *Respondent's Opposition to Petitioner Wynnewood Refining Company LLC's Motion to Sever and Hold Cases in Abeyance*, *Sinclair Wyoming Refining Company LLC v. EPA*, Docket No. 22-1074 (consol.) (D.C. Cir. Oct. 27, 2022), Doc. 1970941 (D.E. 45).

**REPLY**

There is no dispute that the Fifth Circuit, having shelved EPA's motion to transfer Wynnewood's parallel petitions, will hear Wynnewood's arguments on the merits.[3]  Wynnewood therefore moved, with the support of its co-petitioners, to sever its petitions and hold its cases in abeyance.  As Wynnewood demonstrated in the Motion, that relief is necessary to avoid needlessly burdening multiple courts with the same dispute between the same two parties, and to avoid the risk of inconsistent judgments.

EPA fails to respond to these arguments.  Instead, EPA offers several inapposite arguments that provide no compelling reason for the Court to deny the Motion.  The Motion should be granted, and the Opposition overruled, for at least three reasons.

***First***, EPA argues that the Court should deny the Motion because it is "entirely speculative" whether a court that has declined to grant a motion to transfer will grant that motion later, after it has undertaken merits briefing and argument.  Opp. at 9.  EPA does not cite a single case from the Fifth Circuit, whose precedent on this issue amply supports Wynnewood's position.  *See, e.g., Planned Parenthood Gulf Coast, Inc. v. Phillips*, 24 F.4th 442, 448, 455 (5th Cir. 2022)

---

[3] *Order*, *Wynnewood Refining v. EPA*, Docket No. 22-60357 (5th Cir. Oct. 12, 2022), Doc. 00516505262 (D.E. 20) (holding that "[EPA's] motion to transfer the petition for review to the D.C. Circuit or dismiss for improper venue is CARRIED WITH THE CASE").

(denying motion carried with the case to the merits panel); *Solis v. Serrett*, 31 F.4th

975, 981 n.3 (5th Cir. 2022) (same); *Matter of Highland Cap. Mgmt., L.P.*, 48

F.4th 419, 429, 440 (5th Cir. 2022) (same); *In Re Deepwater Horizon*, 723 F.

App'x 247, 250 (5th Cir. 2018) (same); *Adkisson v. Schlumberger Tech. Corp.*, 35

F. App'x 386, 2002 WL 753501, at *1 (5th Cir. 2002) (same); *Prewett v. City of

Palestine*, 281 F.3d 1278, 2001 WL 1692422, at *1 (5th Cir. 2001) (same); *Burns

v. State of Ala.*, 360 F.2d 608, 609-10 (5th Cir. 1966) (same).[4]

In any case, while it is true that the Fifth Circuit merits panel **might** grant

transfer one day, EPA ignores that the Fifth Circuit **will** receive merits briefing and

argument on Wynnewood's petitions.  That situation—both this Court and the

Fifth Circuit considering the same dispute on the merits—could lead to

inconsistent judgments and waste of judicial resources.  EPA does not explain why

this Court should deny the Motion and bear those risks rather than grant the

Motion and avoid them definitively.

*Second*, EPA acknowledges that inconsistent judgments should be avoided.

*See* Opp. at 14.  Wynnewood agrees.  Where Wynnewood and EPA disagree is on

what inconsistent judgments means.  According to EPA, any ruling that conflicts

with any other ruling regarding the same "administrative record" is an inconsistent

---

[4] Moreover, three of the four cases that EPA cites granted motions to dismiss or transfer petitions back to the regional circuit courts rather than this Court, in line with the relief Wynnewood seeks here.  *See* Opp. at 10.

judgement.  Opp. at 14 ("[I]nconsistent results [] could arise if different courts decided petitioners' arguments independent of one another.").  EPA's definition stretches the meaning of that phrase beyond all recognition.  Moreover, were this Court to accept EPA's novel definition, then challenges to EPA actions could be brought only in this Circuit.  That is the opposite of what Congress intended when it allowed petitioners to bring challenges to EPA's actions in their regional circuit courts, which Congress recognized are the courts best suited to decide those disputes.  42 U.S.C. § 7607(b)(1); *see also Texas v. EPA*, 829 F.3d 405, 419 (5th Cir. 2016) (explaining that, under § 7607(b)(1), "[t]he default presumption is that petitions for review of locally or regionally applicable actions 'may only be filed in the United States Court of Appeal for the appropriate circuit.'") (quoting § 7607(b)(1)).

Additionally, EPA makes this argument despite acknowledging that the three petitioners in this consolidated action—Wynnewood, Sinclair, and Growth Energy—all seek different (and even contradictory) relief.  *See* Opp. at 14 ("[T]he nature of petitioners' arguments—i.e., that EPA provided either too much or too little relief—may very well be conflicting[.]").  For that reason, petitioners Sinclair and Growth Energy support granting the Motion, and Sinclair has filed its own motion to sever its petition.  *See Petitioner Sinclair Wyoming Refining Company LLC's Motion to Sever and Hold Case in Abeyance*, *Sinclair Wyoming Refining*

*Company LLC v. EPA*, Docket No. 22-1074 (D.C. Cir. Sept. 23, 2022), Doc. 1965876 (D.E. 39).  Under these facts, there is no risk of "inconsistent judgments" within any reasonable meaning.  Additionally, EPA acknowledges that "[i]f the Court were to agree with Growth Energy's argument . . . such a ruling would make it unnecessary for a court to reach [] Wynnewood's challenges."  Opp. at 14, n. 10.  That is all the more reason to sever Wynnewood and Sinclair.[5]

*Third*, EPA has failed to establish any prejudice it (or any other party) will suffer from severing Wynnewood's cases.  The other petitioners support severance, and EPA regularly defends SRE petitions in multiple circuits, as Congress intended.  *See, e.g.*, *Sinclair Wyo. Refining Co. v. EPA*, 887 F.3d 986 (10th Cir. 2017) (regional Court of Appeals reviewing SRE petition challenge); *Sinclair Wyo. Refining Co. v. EPA*, No. 16-9561 (10th Cir. Dec. 15, 2016) (same); *HollyFrontier Refining v. EPA*, No. 16-9564 (10th Cir. Dec. 22, 2016) (same); *Ergon-West Virginia, Inc. v. EPA*, 896 F.3d 600 (4th Cir. 2018) (same); *Lion Oil Co. v. EPA*, 792 F.3d 978 (8th Cir. 2015) (same).  Indeed, it is hard to understand how EPA could be prejudiced when all that Wynnewood has done is what EPA itself demanded—filing protective petitions in this Court.  *See EPA's Motion to Transfer*

---

[5] Moreover, to the extent conflicts arise among the appellate courts, our judicial system has a final arbiter in the Supreme Court that is fully capable of resolving such differences.  *See, e.g.*, *Hollyfrontier Cheyenne Ref., LLC v. Renewable Fuels Ass'n*, 141 S. Ct. 2172, 2180-82 (2021); *see also Cruz v. American Airlines, Inc.*, 193 F.3d 526, 530 (D.C. Cir. 1999) ("If there are circuit conflicts, it is for the Supreme Court to supply uniformity.").

*the Petition for Review to the D.C. Circuit or Dismiss Based on Improper Venue*, *Calumet Shreveport Refining et al. v. EPA*, Docket No. 22-60266 (5th Cir. June 22, 2022), Doc. 00516367314 at 10 n. 7 (D.E. 16) ("[p]etitioners in [the Fifth Circuit] . . . risk[] prejudice to their petitions by not filing protective petitions in the D.C. Circuit."). Wynnewood respectfully submits that this Court should not credit EPA's baseless claim of prejudice arising from a situation that EPA engineered. Rather, this Court should avoid prejudicing Wynnewood by requiring Wynnewood to proceed in this Court rather than its regional circuit court, as Congress intended.[6]

---

[6] EPA's reliance on *Growth Energy v. EPA*, 5 F.4th 1 (D.C. Cir. 2021) is misplaced, as the EPA action at issue in that case was undisputedly national in scope and effect, and thus did not implicate venue concerns. Opp. at 12.

## CONCLUSION

For the foregoing reasons, Wynnewood respectfully requests that this Court grant its Motion to sever its petitions for review and hold the cases in abeyance pending the resolution of Wynnewood's cases in the Fifth Circuit.

Dated: November 3, 2022                Respectfully submitted,

                                       */s/ Samuel P. Hershey*

                                       **WHITE & CASE LLP**

                                       Samuel P. Hershey
                                       1221 Avenue of the Americas
                                       New York, NY 10020
                                       Telephone: (212) 819-2699
                                       Email: sam.hershey@whitecase.com

                                       Thomas E Lauria
                                       Andrew K. Gershenfeld
                                       200 South Biscayne Boulevard, Suite 4900
                                       Miami, FL 33131
                                       Telephone: (305) 371-2700
                                       Email: tlauria@whitecase.com

                                       Taylor Pullins
                                       609 Main Street, Suite 2900
                                       Houston, TX 77002
                                       Telephone: (713) 859-5998
                                       Email: taylor.pullins@whitecase.com

                                       ***Counsel for Petitioner***
                                       ***Wynnewood Refining Co., LLC***

## CERTIFICATE OF COMPLIANCE

The foregoing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this motion contains 1,337 words according to the count of Microsoft Word.

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Times New Roman in 14-point font.

Dated November 3, 2022              Respectfully submitted,

                                        */s/ Samuel P. Hershey*
                                        Samuel P. Hershey

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the Court's CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated November 3, 2022                    Respectfully submitted,

                                          */s/ Samuel P. Hershey*
                                          Samuel P. Hershey