# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| SINCLAIR WYOMING REFINING COMPANY LLC, *et al.*,<br><br>    *Petitioners*,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>    *Respondent*. | No. 22-1074 (and consolidated cases) |

## JOINT RESPONSE
## TO COURT ORDER OF SEPTEMBER 26, 2024

The parties to No. 22-1074 provide the following response to this Court's Order of September 26, 2024 (Doc. No. 2076954). The non-small refinery parties—Petitioner Growth Energy, Respondent EPA, and Intervenors American Fuel & Petrochemical Manufacturers and American Petroleum Institute—take no position on whether "the sealed portions of the record" should remain sealed. The small refinery parties—Petitioners Sinclair Wyoming Refining Company LLC and Wynnewood Refining Company, LLC, and Intervenors Wyoming Refining Company, American Refining Group, Inc., Hunt Refining Company, Placid Refining Company

1

LLC, Ergon Refining, Inc., Calumet Montana Refining, LLC, Calumet Shreveport Refining, LLC, Par Hawaii Refining, LLC, U.S. Oil & Refining Company, Countrymark Refining and Logistics, LLC, San Joaquin Refining Co., Inc., HollyFrontier Refining & Marketing LLC, HollyFrontier Cheyenne Refining LLC, HollyFrontier Woods Cross Refining, LLC, Delek US Holdings, Inc., Island Energy Services, LLC, Kern Oil & Refining Co., and The San Antonio Refinery—jointly submit the following to show cause "why the sealed portions of the record of [22-1074] (including briefs and appendices) should not be unsealed."

1. Portions of both the record and the briefing in this case contain confidential business information ("CBI") that, if revealed publicly, would harm the small refinery parties' business and competitive standing. Much of the CBI in this case concerns financial information about these small refineries and details of their financial transactions. Specifically, that CBI in the record and briefs includes information about the small refinery parties' profitability, income, cash flow, margins, access to capital, costs of RFS compliance, blending capacity, sales and distribution networks, legal fees, and DOE's scoring of their hardship. So while the public certainly has an interest in this case generally, the public has

2

no interest in the extensive details of the small refinery parties' finances, which are not directly relevant to the legal issues presented here. That information should remain under seal.[*]

2. On March 2, 2023, this Court entered a protective order allowing the parties to file CBI materials under seal. Doc. No. 1988257. Because direct competitors were party to this litigation, the protective order prohibited any "non-EPA parties" from accessing the CBI materials of another party. Doc. No. 1988257 ¶¶ 4–5. Instead, "[o]utside counsel" and the counsel's staff had the obligation "to reasonably limit and control the number of employees, contractors, and support staff who have access to CBI." *Id.* ¶ 4. When outside counsel is done with those confidential materials, they must either "destroy or return" them. *Id.* ¶ 9. And even then, the protective order anticipated that the confidentiality of the CBI materials would need to be protected even after the case is over. Doc. No. 1987069 ¶ 9 ("Confidentiality under this Order is to be maintained both during *and after* the final disposition of Case No. 22-1074 and

---

[*] Case Nos. 22-1073 and 22-1074 involve different parties and are governed by different protective orders. The sealed documents in No. 22-1074 should continue to be sealed from the parties in No. 22-1073 that are not parties to No. 22-1074.

3

consolidated cases.") (emphasis added). As the order anticipated, the confidential nature of the sealed information has not changed.

3. The confidentiality of this same type of highly sensitive, non-public CBI information was also protected in the agency proceedings. The agency protects and treats as confidential business information that is not publicly available. *See* 40 C.F.R. §§ 2.201–215. The small refinery parties' CBI was submitted confidentially to EPA and was protected by EPA in the agency action under review. Accordingly, this confidential information should presumptively remain sealed in this Court. Circuit Rule 47.1(a).

3. A company does not "surrender (or 'forfeit') the confidentiality of its information by seeking judicial review." *Metlife, Inc.* v. *Fin. Stability Oversight Council*, 865 F.3d 661, 671 (D.C. Cir. 2017). Granting a motion to seal is "appropriate" when it seeks to protect "confidential business information." *N. Cypress Med. Ctr. Operating Co.* v. *Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (citing *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978)). This is so because "the common-law right of inspection … bow[s] before the power of a court to [e]nsure that its records are not" misused. *United States v. Hubbard*, 650 F.2d

4

293, 315 (D.C. Cir. 1980). For example, "courts have refused to permit their files to serve … as sources of business information that might harm a litigant's competitive standing." *Id.* Although courts weigh various factors when deciding whether to seal documents filed with them, "[f]or documents containing sensitive business information and trade secrets, those factors often weigh in favor of sealing." *Metlife*, 865 F.3d at 671.

4. Here, the Court has properly balanced the public's interest in transparent judicial proceedings against the small refinery parties' right to protect their confidential financial information. The public's primary interest is in the Court's opinion. That opinion was not sealed or redacted, which is further evidence that the CBI is unnecessary to the public's interest in this case. The appendix volumes themselves have limited public relevance but extensive commercially sensitive data. The Court struck the appropriate balance by uploading minimally redacted appendix volumes to the case's publicly accessible docket that removed the small-refinery Petitioners' and Intervenors' confidential information, and separately filing under seal the complete, unredacted appendix that contains the CBI. *See, e.g.,* Doc. Nos. 2014817 (redacted, public) and 2013571 (sealed). As to briefing, no brief has been completely sealed. As with the

5

appendix, the briefs containing CBI have been redacted with precision to remove only the confidential information. Those narrowly redacted briefs have also been uploaded to the case's publicly accessible docket. In short: the parties have sealed only those portions of the appendices and briefing that absolutely must be.

## CONCLUSION

For these reasons, the small refinery parties respectfully request that the Court maintain the sealed portions of the record of this case (including briefs and appendices) under seal in order to protect their CBI.

Dated: October 25, 2024

TODD KIM
Assistant Attorney General

*s/ Benjamin Grillot*
Benjamin Grillot
U.S. Department of Justice
Environment & Natural Resources Div.
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
202.305.0303
benjamin.grillot@usdoj.gov

Respectfully submitted,

*/s/ Jonathan G. Hardin*
Jonathan G. Hardin
Michael R. Huston
LeAnn Johnson Koch
Alexandra Magill Bromer
Karl J. Worsham
PERKINS COIE LLP
700 13th Street, N.W., Suite 800
Washington, D.C. 20005
(202) 654-6200
JHardin@perkinscoie.com

*Attorneys for Petitioner Wynnewood Refining Company, LLC; and Intervenors American Refining Group, Inc., Calumet Montana Refining, LLC,*

6

Of counsel
/s/ Meredith G. Miller
Meredith G. Miller
U.S. Environmental Protection Agency
Office of General Counsel
 Washington, D.C.

 *Attorneys for Respondent U.S.*
 *Environmental Protection Agency*


/s/ Ian S. Shelton
Ian S. Shelton
BAKER & MCKENZIE LLP
800 Capitol, Suite 2100
Houston, Texas, 77002
713.427.5029
Ian.shelton@bakermckenzie.com

*Attorney for Kern Oil & Refining Co.*


/s/ Kevin King
Kevin King
Robert A. Long, Jr.
Thomas Brugato
Daniel G. Randolph
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000
kking@cov.com

*Attorneys for American Petroleum Institute*

*Calumet Shreveport Refining, LLC, Ergon Refining, Inc., Countrymark Refining and Logistics, LLC, Hunt Refining Company, Par Hawaii Refining, LLC, U.S. Oil & Refining Company, Wyoming Refining Company, Placid Refining Company LLC, San Joaquin Refining Co., Inc., and The San Antonio Refinery LLC*


/s/ Jeffrey R. Holmstead
Jeffrey R. Holmstead
Brittany M. Pemberton
BRACEWELL LLP
2001 M Street N.W., Suite 900
Washington, D.C. 20036
(202) 828-5800 (telephone)
(202) 857-4812 (facsimile)
Jeff.Holmstead@bracewell.com
Brittany.Pemberton@bracewell.com

*Counsel for Sinclair Wyoming Refining Company LLC*


/s/ David. M. Lehn
David. M. Lehn
BOIES SCHILLER FLEXNER LLP
1401 NEW YORK Avenue NW
Washington, DC 20035
(202) 237-2727
dlehn@bsfllp.com

*Counsel for Growth Energy*

7

/s/ Robert J. Meyers
Robert J. Meyers
Elizabeth B. Dawson
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595
(202) 624-2967
rmeyers@crowell.com

Richard S. Moskowitz
Tyler Kubik
AMERICAN FUEL &
PETROCHEMICAL
MANUFACTURERS
1800 M Street, NW
Suite 900 North
Washington, DC 20036
(202) 844-5474
rmoskowitz@afpm.org

*Attorneys for American Fuel & Petrochemical Manufacturers*

/s/ Eric D. McArthur
Eric D. McArthur
Peter C. Whitfield
Daniel J. Feith
Peter A. Bruland
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Tel: (202) 736-8000
emcarthur@sidley.com
pwhitfield@sidley.com
dfeith@sidley.com
pbruland@sidley.com

*Counsel for HF Sinclair Refining & Marketing LLC, HF Sinclair Cheyenne Refining LLC, HF Sinclair Woods Cross Refining LLC, Delek US Holdings, Inc., Cenovus Energy Inc., and Island Energy Services, LLC*

## CERTIFICATE OF COMPLIANCE

This response complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 977 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word (the same program used for the word count).

Dated: October 25, 2024

                                          *s/ Jonathan G. Hardin*
                                          Jonathan G. Hardin
                                          PERKINS COIE LLP

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals by using the CM/ECF system for sealed filings. I certify that all participants in the consolidated case are registered CM/ECF users and that service will be accomplished by the CM/ECF system and by electronic mail.

Dated: October 25, 2024

                                          *s/ Jonathan G. Hardin*
                                          Jonathan G. Hardin
                                          PERKINS COIE LLP